SHANNON, Acting Chief Judge.
Hannelore Nitschke Lee appeals a final decree of adoption in which permanent custody of her daughter was awarded to the appellee-adoptive parents. The child’s father has consented to the adoption and the State Welfare Board has also recommended this course of action.
The appellant was born in Berlin, Germany, in 1935 and lived there with her grandparents during the war. Needless to say, she did not have the most happy childhood. In 1958 she married Henry Lee, an American soldier stationed in Germany, and subsequently she came to this country as his wife. Their child, Donna, was born in 1960 in Florida, and in 1961 the appellant took the child and went to Atlanta, Georgia, to seek employment, because her husband had been drinking heavily and did not adequately support her and the child. She worked as a waitress in Atlanta, leaving her baby in a day nursery. Her husband visited her in Atlanta where, among other things, he took money she had saved, mortgaged her furniture which a finance company later removed, and was arrested for drunkenness for which she paid his fine.
*88 In November, 1961, the appellant placed her child in a twenty-four hour nursery in Atlanta, and from that time until April, 1962, the appellant only visited her child four or five times. In all fairness to the appellant it must be stated that she was having an extremely difficult time financially and was also not in good health, having suffered a nervous collapse and having been hospitalized for one week because of this.
In April, 1962, the appellant went to California with a friend because she was told she could earn more there. She carefully concealed the fact that she was leaving from the nursery where she left the child, and she never contacted the nursery when she arrived in California. Subsequently the father took the child from the nursery, brought her to West Palm Beach, and placed her in a foster home. When the father failed to pay the required board the child was placed with the juvenile court, which boarded the child in a nursery. This nursery was next door to the appellees’ motel and this is where they came to know this child.
In March, 1963, almost one year after she left the child, the appellant, still in California, learned of the adoption proceedings and came to Florida as a contestant. The chancellor found that the evidence clearly and convincingly showed that the appellant had abandoned her child, and that the child has since found love and a suitable home for the first time since she was placed in a nursery in September, 1961.
Since entering this country the appellant has had an extremely difficult life. Not only has her husband failed to support her, but he has continually harassed her to the point where she collapsed. She was not able to adequately support herself and her child until she went to California, from which time until the present she has been earning an excellent salary as a waitress. The fact remains, however, that the child was boarded in a twenty-four hour nursery and during a six month period the appellant visited this child only four or five times, and, worse, the appellant left Atlanta for California and concealed this fact from the nursery at which she had boarded the child. She left this child in Atlanta and she did not return from California until eleven months later when she was notified of the adoption proceedings. She never contacted the nursery after she left Atlanta.
The sole point on this appeal is that there was no clear and convincing evidence that the appellant had abandoned her child. The facts, as we have set them out, are not disputed, and careful consideration of the record leads us to conclude the chancellor did not err.
Affirmed.
WHITE, J., and MELVIN, WOODROW M., Associate Judge, concur.